EXHIBIT A

Case 2:20-cv-02756-GRB-AKT    Document 1-1    Filed 06/22/20    Page 2 of 16 PageID #: 7

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

BR RESTAURANT CORP. d/b/a BRUNO'S
RESTAURANTE ITALIANO,

               Plaintiff,

              -against-

NATIONWIDE MUTUAL INSURANCE
COMPANY,

               Defendant.

**AMENDED SUMMONS**

Index No. 604487/2020

**To the above named Defendant:**

      **You Are Hereby Summoned** *to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance with a demand for the complaint, on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner.  In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.*

     *Plaintiff designates* Nassau County *as the place of trial.*

     *The basis of the venue is* Defendant's place of business.

     *Dated this* 27th *day of* May, *2020.*

                             **COLE HANSEN CHESTER LLP**
                             *Attorneys for Plaintiff*
                             By:  Michael S. Cole, Esq.
                             *767 Third Avenue – 24th Floor*
                             *New York, New York  10017*
                             *Tel:  (212) 599-1535*
                             *Email:  mscole@chcllp.com*

                             **Temporary Operating Address:**
                             2009 Park Avenue
                             P.O. Box 160
                             Atlantic Beach, New York  11509

Case 2:20-cv-02756-GRB-AKT Document 1-1 Filed 06/22/20 Page 3 of 16 PageID #: 8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

BR RESTAURANT CORP. d/b/a BRUNO'S
RESTAURANTE ITALIANO,

                                  Plaintiff,

                  *- against -*

NATIONWIDE MUTUAL INSURANCE
COMPANY,

                               Defendant.

**AMENDED COMPLAINT**

Index No. 604487/2020

The plaintiff BR Restaurant Corp. d/b/a Bruno's Restaurante Italiano, by its attorneys Cole Hansen Chester LLP, complaining of the defendant respectfully alleges:

*The Parties*

1.     The plaintiff *BR Restaurant Corp. d/b/a Bruno's Restaurante Italiano* (hereinafter "Bruno's Restaurante") is a restaurant business located at 158-22A Crossbay Boulevard, Howard Beach, New York.

2.     The defendant *Nationwide Mutual Insurance Company* (hereinafter "Nationwide") is a foreign corporation organized and existing under the laws of State of Ohio and duly authorized to do insurance business and doing business in the State of New York, County of Nassau.

Case 2:20-cv-02756-GRB-AKT   Document 1-1   Filed 06/22/20   Page 4 of 16 PageID #: 9

3.      Plaintiff Bruno's Restaurante has a business interruption insurance policy with

defendant Nationwide wherein defendant has refused plaintiff's claim for coverage as further

detailed below.


*Statement of Claim in Brief*


4.      Whereas rule of law mandates material ambiguity in an insurance policy held

against the insurer, whereas strong equities favor the insured in present extraordinary

circumstances: defendant insurer must make good business interruption coverage reasonably

promised to the insured per the strict interpretation of the terms of the insurance contract.


5.      The business interruption insurance policy with the insured in this case has been

ambiguously if not intentionally written in deceptive manner – formatted as to make coverage

appear broader than the insurer is willing to provide. In fitting consequence, the deceptive

formatting created an ambiguity in interpreting the coverage at issue.  This ambiguity must be

held against the insurer as a matter of law.


6.      The insurance policy as strictly written promises omnibus business interruption

insurance coverage except for express conditional limitation on coverage viz. *exclusions*

represented as being contained in designated sections only.  The insurer then placed an omnibus

exclusion, the exclusion at issue, concerning virus infection, in an undesignated other section.

Case 2:20-cv-02756-GRB-ARL Document 1-1 Filed 06/22/20 Page 5 of 16 PageID #: 10

One not reasonably likely to be found by the insured and contrary to the promise made in the earlier conditional limitation provision.

7.     An insurance company with years of experience, batteries of lawyers, knew or reasonably should have known, formatting the policy in this way is likely to mislead the insured on coverage.  Hoisted on its own petard in doing so, the insurer created ambiguity to be construed against it per the material facts of the claim detailed below.

8.     The plaintiff insured, Bruno's Restaurante, Howard Beach Queens, paid $40,000 per year in premiums to defendant Nationwide for three years – for coverage reasonably expected and never received.

*Material Facts of the Claim*

9.     The subject Nationwide business interruption insurance policy was renewed in 2019 by the insured Bruno's Restaurante as part of an insurance package with a premium of $40,000 per year.

10.     The business interruption insurance coverage promised is for *direct physical loss or damage* to *covered property* from a *covered cause of loss*.

11.     In this case, the insurer denies coverage by letter to the insured dated April 2, 2020 stating "coronavirus and government action" not a covered loss.  More specifically, the

Case 2:20-cv-02756-GRB-ARL   Document 1-1   Filed 06/22/20   Page 6 of 16 PageID #: 11

insurer stated that pursuant to the terms of the policy *there has been no physical loss or damage*

*to the described premises arising from a covered cause of loss.*  *See* defendant insurer's denial

letter annexed hereto as **Exhibit A**.

12.       The *described premises* under the policy is Bruno's Restaurante located at 158-

22A Crossbay Boulevard, Howard Beach New York.

13.       The insured's claim for coverage of *physical loss* to the described premises arises

from prohibition of on-premise use of the restaurant per the civil authority viz. the New York

Governor's emergency order prohibiting on-premise operation or use of the restaurant.

14.       Insurance policy *Section 5j* under the heading *Civil Authority* expressly promises

to pay for *physical loss or damage* to the described premises caused by civil authority which

prohibits access to the premises arising *from any covered cause of loss.*

15.       Introductory paragraph A(3) of the policy defining *covered cause of loss* states

cause of loss is covered <u>unless</u> *excluded* or *limited* in the following designated provisions of the

policy: *Section B*; as limited in *Section A4*; as limited or excluded in *Section E*; *Section F*.

16.       Nevertheless, at pages 5 and 6 of the insurer's denial letter (Exhibit A) there is

quoted *Section K* of the policy entitled *Amendments to Property Coverage*.  Billeted at item 8 of

Section K is a provision peremptorily stating *virus* as an omnibus exclusion to coverage.  Item 8

of Section K is thus deceptively written as an omnibus exclusion to coverage inconsistent and

Case 2:20-cv-02756-GRB-ART   Document 1-1   Filed 06/22/20   Page 7 of 16 PageID #: 12

contrary to the prior conditional limitation limiting all exclusions to business loss coverage to expressly designated sections other than Section K.

17.     The conditional limitation on all policy coverage exclusions limited to designated sections is irreconcilable with the outlier omnibus policy exclusion relied upon by the insurer in denying coverage.  It is ambiguity in coverage created by the contradiction of material terms in the insurance policy.

18.     Ambiguity favors the insured at law.

19.     As a matter of law, the defendant insurer is therefore in breach of contract denying the claim of the plaintiff insured for business interruption loss.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

20.     The plaintiff repeats and re-alleges paragraphs 1 through paragraph 19 as if fully set forth herein.

21.     That by reason of the defendant's breach of the promise of business interruption insurance, the plaintiff has been damaged in the amount of $360,000 (Three Hundred Sixty Thousand Dollars) or such other or greater amount as may be proven at a trial of this action.

INDEX NO. 604487/2020

**WHEREFORE,** the plaintiff insured demands judgment as follows:

1.      On the First Cause of Action against the defendant insurer for breach of contract damages in the amount of $360,000 (Three Hundred Sixty Thousand Dollars) or such other or greater amount as may be proven at a trial of this action.

2.      Judgment interest and costs.

3.      Such other and further relief as may be just and proper.

Dated: New York, New York
       May 27, 2020

Yours, etc.,

COLE HANSEN CHESTER LLP
Attorneys for Plaintiff
By: Michael S. Cole, Esq.
767 Third Avenue – 24th Floor
New York, New York 10017
Tel: (212) 599-1535

**Temporary Operating Address:**
2009 Park Avenue
P.O. Box 160
Atlantic Beach, New York 11509

Case 2:20-cv-02756-GRB-AKT   Document 1-1   Filed 06/22/20   Page 9 of 16 PageID #: 14

# Exhibit A

Case 2:20-cv-02756-GRB-AKT   Document 1-1   Filed 06/22/20   Page 10 of 16 PageID #: 15

**Nationwide®**

**BRUNO'S RESTAURANTE ITALIANO**
Page **1** of 7

| | |
|---|---|
| Date prepared | April 2, 2020 |
| Claim number | 357142-GK |
| Policy number | ACP BPFM3047086185 |
| Questions? | Contact Claims Associate |
| | Jacob Taylor |
| | TAYLJ25@nationwide.com |
| | Phone 614-435-2878 |
| | Fax 877-304-5166 |

BRUNO'S RESTAURANTE ITALIANO
15822A CROSSBAY BLVD
HOWARD BEACH, NY  11414-3136

## Claim details

| | |
|---|---|
| Insurer: | Nationwide Mutual Insurance Company |
| Policyholder: | BRUNO'S RESTAURANTE ITALIANO |
| Claim number: | 357142-GK |
| Loss date: | March 17, 2020 |

Dear BRUNO'S RESTAURANTE ITALIANO,

We completed our review of this business income loss reported to have occurred on March 17, 2020. We made every effort to provide a fair and thorough evaluation of your policy of insurance and investigation of your loss.

Based on our investigation and review of your policy contract, Nationwide Mutual Insurance Company's opinion is this loss was caused by decrease in business from the coronavirus as well as the resulting government actions. We must respectfully advise you that your policy number ACP BPFM3047086185 does not provide coverage for this loss.

## About our decision

Our investigation indicates that you operate a restaurant. Due to the coronavirus your business has seen a significant decrease in business.

We have analyzed available coverages under your Premier Businessowners policy (PB0002 01/08) and offer the following:

Your Premier Businessowners policy provides coverage in the event of direct physical loss or damage to Covered Property at the described premises, caused by or resulting from a Covered Cause of Loss. However, there was no direct physical loss or damage to Covered Property at the described premises of:

15822A Crossbay Blvd Howard Beach, NY 11414

Coverage for Loss of Business Income is provided as an Additional Coverage under your policy. This additional coverage provides that we will pay for the actual loss of "business income" you sustain due to the necessary suspension of your "operations" during the "period of restoration". The suspension must be caused by direct physical loss of or damage to property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss. However, the

suspension of your business operations was not a result of direct physical loss or damage to property at the described premises.

Civil Authority Additional Coverage provides Business Income loss when the action of civil authority prohibits access to the described premises. The action of civil authority must be taken in response to damage to property, other than the described premises, from any Covered Cause of Loss. There has been no damage to property other than the described premises from a Covered Cause of Loss.

Your policy also includes New York Amendatory Endorsement (PB9031 06/18) which provides that we will not pay for loss or damage caused by or resulting from any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease. Because damage from Virus or Bacteria is excluded, the closing of the business was not the result of a Covered Cause of Loss.

In summary, based on the relevant policy provisions and the facts of your claim, the business loss has not occurred as a result of direct physical loss or damage caused by or resulting from a Covered Cause of Loss. Therefore, we are unable to extend coverage for your claim under any of the available coverages in your policy.

The following policy language is provided for your review:

## Policy details

Your Businessowners policy states the following:

PREMIER BUSINESSOWNERS PROPERTY COVERAGE FORM PB 0002 (ed. 01-08)
Various provisions in this policy restrict coverage. Please read the entire policy carefully to determine rights, duties and what is and is not covered.
Throughout this policy the words "you" and "your" refer to the Named Insureds shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance. Other words and phrases that appear in quotation marks have special meaning. Please refer to Section H. PROPERTY DEFINITIONS.

A. COVERAGES
  We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

  1. COVERED PROPERTY
  Covered Property, as used in this policy, means Buildings and Business Personal Property as described in paragraphs a. and b. in this section A.1., if a Limit of Insurance is shown in the Declarations for that type of property. HOWEVER, there is no coverage for property described under A.2. PROPERTY NOT COVERED, unless an exception is stated for that property.

  3. COVERED CAUSES OF LOSS
  This Coverage Form insures against Risks Of Direct Physical Loss unless the loss is:
    a. Excluded in Section B. EXCLUSIONS;

BRUNO'S RESTAURANTE ITALIANO
Claim # 357142-GK
Page **3** of 7

b. Limited in Paragraph A.4. LIMITATIONS in this section; or

c. Limited or excluded in Section E. PROPERTY LOSS CONDITIONS or Section F. PROPERTY GENERAL CONDITIONS; that follow.


5. ADDITIONAL COVERAGES

g. Business Income

(1) Business Income with Ordinary Payroll Limitation

(a) We will pay for the actual loss of "business income" you sustain due to the necessary suspension of your "operations" during the "period of restoration". The suspension must be caused by direct physical loss of or damage to property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss. With respect to loss of or damage to personal property in the open or personal property in a vehicle, the described premises include the area within 1,000 feet of the site at which the described premises are located.

(b) With respect to the requirements set forth in the preceding paragraph, if you occupy only part of the site at which the described premises are located, your premises means:

(i) The portion of the building which you rent, lease or occupy; and

(ii) Any area within the building or on the site at which the described premises are located, if that area services, or is used to gain access to, the described premises.

(c) We will only pay for loss of "business income" that you sustain during the "period of restoration" and that occurs within the number of consecutive months shown in the Declarations for Business Income – Actual Loss Sustained after the date of direct physical loss or damage. We will only pay for "ordinary payroll expenses" for the number of days shown in the Declarations for Ordinary Payroll Limit following the date of direct physical loss or damage.


j. Civil Authority

(1) We will pay for the actual loss of "business income" you sustain and necessary "extra expense" caused by action of civil authority that prohibits access to the described premises due to direct physical loss of or damage to property, other than at the described premises, caused by or resulting from any Covered Cause of Loss.

(2) The coverage for "business income" will begin 72 hours after the time of that action and will apply for a period of up to 30 days after coverage begins.

(3) The coverage for necessary "extra expense" will begin immediately after the time of that action and ends:

(a) 30 days after the time of that action; or

(b) When your "business income" coverage ends; whichever is later.

(4) This Civil Authority Additional Coverage is not subject to the Limits of Insurance


t. Dependent Properties – Business Income

(1) We will pay for the actual loss of "business income" you sustain due to the necessary and unavoidable suspension of your "operations" during the "period of restoration". The suspension must be caused by direct physical loss of or damage to "dependent property" caused by or resulting from any Covered Cause of Loss.

(2) We will only pay for loss of "business income" that occurs within 12 consecutive months

Case 2:20-cv-02756-GRB-AKT   Document 1-1   Filed 06/22/20   Page 13 of 16 PageID #: 18

after the date of direct physical loss or damage.

(3 This Dependent Properties – Business Income Additional Coverage is not subject to the Limits of Insurance.

## B. EXCLUSIONS

1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

2. We will not pay for loss or damage caused by or resulting from any of the following:

   a. Consequential Losses

      Delay, loss of use or loss of market.

## E. PROPERTY LOSS CONDITIONS

4. Legal Action Against Us

   No one may bring a legal action against us under this insurance unless:

      a. There has been full compliance with all of the terms of this insurance; and

      b. The action is brought within 1 year after the date on which the direct physical loss or damage occurred.

## H. PROPERTY DEFINITIONS

The terms "you", "your", "we", "us", "our" and "insured" are defined in the Preamble of this Coverage Form. The following words or phrases, which appear in quotation marks throughout this Coverage Form and any of its endorsements, are defined as following:

3. "Business Income" means the:

   a. Net Income (Net Profit or Loss before income taxes) that would have been earned or incurred if no physical loss or damage had occurred, but not including any Net Income that would likely have been earned as a result of an increase in the volume of business due to favorable business conditions caused by the impact of the Covered Cause of Loss on customers or on other

   businesses; plus

   b. Necessary continuing normal operating expenses incurred, while "operations" are suspended, including payroll.

5. "Dependent property" means property owned or operated by others, not including any described premises, on whom you depend on to:

   a. Deliver materials or services to you, or to others for your account. Services does not include water, steam, fuel, communication, or power supply services.

   b. Purchase your products or services.

   c. Manufacture products for delivery to your customers under contract of sale.

   d. Attract customers to your business. But this does not include firms in the business of promoting or advertising your business.

10. "Operations" mean your business activities occurring at the described premises.

FILED: NASSAU COUNTY CLERK 05/27/2020 03:02 PM
NYSCEF DOC. NO. 6

INDEX NO. 604487/2020

RECEIVED NYSCEF: 05/27/2020

Case 2:20-cv-02756-GRB-AKT   Document 1-1   Filed 06/22/20   Page 14 of 16 PageID #: 19

BRUNO'S RESTAURANTE ITALIANO
Claim # 357142-GK
Page **5** of 7

12. "Period of restoration" means:

a. For other than the Dependent Properties Additional Coverage and Business Income and Extra Expense – Increased Period of Restoration Due to Ordinance or Law Additional Coverage:

(1) The period of time that:

(a) Begins the number of hours shown in the Declarations after the time of direct physical loss or damage caused by or resulting from any Covered Cause of Loss at the described premises; and

(b) Ends on the earlier of:

(i) The date when the property at the described premises should be repaired, rebuilt or replaced with reasonable speed and similar quality; or

(ii) The date when business is resumed at a new permanent location.

(2) "Period of restoration" does not include any increased period required due to the enforcement of any ordinance or law that:

(a) Regulates the construction, use or repair, or requires the tearing down of any property; or

(b) Requires any insured or others to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to or assess the effects of "pollutants".

(3) The expiration date of this policy will not cut short the "period of restoration".

(...)

c. For Dependent Properties Additional Coverage:

(1) The period of time that:

(a) Begins:

(i) 24 hours after the time of direct physical loss or damage for Business Income Additional Coverage; or

(ii) Immediately after the time of direct physical loss or damage for Extra Expense; Caused by or resulting from any Covered Cause of Loss at the premises of the "dependent property"; and

(b) Ends on the earlier of:

(i) The date when the property at the premises of the "dependent property" should be repaired, rebuilt or replaced with reasonable speed and similar quality; or

(ii) The date when your business is resumed at a permanent new location.

(2) "Period of restoration" does not include any increased period required due to the enforcement of any ordinance or law that:

(a) Regulates the construction, use or repair, or requires the tearing down of any property; or

(b) Requires any insured or others to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to or assess the effects of "pollutants".

(3) The expiration date of this policy will not cut short the "period of restoration".

The policy also includes the New York Amendatory Endorsement (PB9031 06/18) and the following applies:

K. AMENDMENTS TO THE PROPERTY COVERAGE FORM

7. The exclusion set forth in paragraph 8. below applies to all coverage under the PROPERTY COVERAGE in all forms and endorsements that comprise this Businessowners Policy, except as provided in paragraph 9 below. This includes but is not limited to forms or endorsements that cover property damage to buildings or personal property and forms or endorsements that cover business income, extra expense or action of civil authority.

8. We will not pay for loss or damage caused by or resulting from any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease.

9. However, the exclusion in paragraph 8. above does not apply to the following:

a. Loss or damage caused by or resulting from fungus. Such loss or damage is addressed in a separate exclusion in this Businessowners Policy; or

b. Coverage otherwise provided under the Food Contamination Additional Coverage in the Food Service Plus Endorsement PB 20 02 if that endorsement is attached to this Businessowners Policy.

10. The terms of the exclusion in paragraph 8. above, or the inapplicability of this exclusion to a particular loss, do not serve to create coverage for any loss that would otherwise be excluded under this Businessowners Policy.

## Additional information

We expressly reserve all other rights, defenses, or contentions, which are available to us under the policy of insurance, by law or otherwise, and do not waive any such rights or defenses which we now have or which may become known to us in the future.

NEW YORK INSURANCE REGULATIONS REQUIRE US TO ADVISE YOU THAT IN THE EVENT YOU WISH TO CONTEST THIS DENIAL IN LITIGATION, THE POLICY REQUIRES YOU TO COMMENCE AN ACTION WITHIN 2 YEAR(S) OF THE DATE OF LOSS. To recover damages from this claim, you must either settle your claim or file a lawsuit against the responsible party(ies) before the Statute of Limitations expires.

If you have information about this claim that may affect our current decision — please forward it to us as soon as possible.

## For more information

If you have any questions or concerns, please contact me at 614-435-2878 or TAYLJ25@nationwide.com.

Sincerely,

Jacob Taylor
Nationwide Mutual Insurance Company
PO Box 182068
Columbus, OH 43218-2068

Should you wish to take this matter up with the New York State Department of Financial Services, you may file with the Department either on its website at http://www.dfs.ny.gov/consumer/fileacomplaint.htm or you may write to or visit the Consumer Assistance Unit, Financial Frauds and Consumer Protection Division, New York State Department of Financial Services, at: One State Street, New York, NY 10004; One Commerce Plaza, Albany, NY 12257;

Case 2:20-cv-02756-GRB-AKT   Document 1-1   Filed 06/22/20   Page 16 of 16 PageID #: 21

**BRUNO'S RESTAURANTE ITALIANO**
**Claim #** 357142-GK
Page **7** of 7

1399 Franklin Avenue, Garden City, NY 11530; or Walter J. Mahoney Office Building, 65 Court Street, Buffalo, NY 14202. Call 212-480-6400 or toll free 800-342-3736 (M-F from 8:30am – 4:30pm).

Any person who knowingly and with intent to defraud an insurance company or other person files an application for insurance or statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and shall also be subject to civil penalty not to exceed five thousand dollars and the stated value of the claim for each such violation.