UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BR RESTAURANT CORP. d/b/a BRUNO'S
RESTAURANTE ITALIANO,

                              Plaintiff,

                                                    Case No. 20-cv-02756-
                                                    GRB-AKT

          - *against* -


NATIONWIDE MUTUAL INSURANCE
COMPANY,

                              Defendant.


**MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND
IN SUPPORT OF PLAINTIFF'S CROSS MOTION FOR
JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)**


Dated:  New York, New York
        August 27, 2020


                    COLE HANSEN CHESTER LLP
                    Attorneys for Plaintiff
                    By:  Michael S. Cole, Esq. (MSC 0636)
                    767 Third Avenue – 24th Floor
                    New York, New York  10017
                    Tel:  (212) 599-1535
                    Email:  mscole@chcllp.com

# TABLE OF CONTENTS

*Page*

Table of Cited Authorities..................................................................... *ii*

**Plaintiff's Statement of Claim**............................................................ 1

    i.  Direct Physical Loss of or Damage......................................... 2

    ii. The Virus Exclusion............................................................ 4

**The Argument**....................................................................................... 6

    *A. The Policy Coverage Provisions*.................................................. 6

        1. The Civil Authority Provision......................................... 6

        2. Loss of Business Income Provision................................. 8

    *B. The Virus Exclusion Provision*.................................................... 9

    *C. The Relevant Case Law* ............................................................ 11

        Law Relevant to the Virus Exclusion............................... 11

        Law Relevant to the Real Property Damage Issue ........................ 14

    *D. Fed. R. Civ. P. 12(c) Cross Motion Judgment on the Pleadings*............ 18

**Conclusion**.......................................................................................... 19

# TABLE OF CITED AUTHORITIES

## <u>TABLE OF CASES</u>

*Bartlett v. City of Chicago Sch. Dist. #299,*
40 F.Supp.3d 959 (N.D. Ill. 2014)............................................................................ 19

*Insurance Co. of Greater N.Y. v. Clermont Armory, LLC,*
84 A.D.3d 1168 (2nd Dept 2011)............................................................. 11, 12, 13

*Howard Stores Corp. v. Foremost Ins. Co.,*
82 A.D.2d 398 (1st Dept 1981)................................................................ 4, 15, 16, 17

*L-7 Designs, Inc. v. Old Navy, LLC,*
647 F.3d 419 (2d Cir. 2011).................................................................................... 19

*Lee v State Farm Fire & Cas. Co.,*
32 A.D.3d 902, 904 (2006)....................................................................................... 13

*Murphy v. Dep't of Air Force,*
326 F.R.D. 47 (D.D.C. 2018)................................................................................... 19

*Pepsico, Inc. v Winterthur Intl. Am. Ins. Co.,*
13 A.D.3d 599, 600 (2004)....................................................................................... 13

*Pioneer Tower Owners Assn. v State Farm Fire & Cas. Co.,*
12 N.Y.3d 302 (2009)............................................................................................... 13

*Roundabout Theatre Co. v. Continental Cas. Co.,*
302 A.D.2d 1 (1st Dept. 2002)..................................................................... 4, 14, 15

*Seaboard Sur. Co. v Gillette Co.,*
64 N.Y.2d 304, (1984)............................................................................................. 13

*Sloan v Phoenix of Hartford Ins. Co.,*
46 Mich App 46, 207 NW2d 434 (1973)......................................................... 14, 15

Transcript of Oral Argument, *Social Life Magazine v. Sentinel Insurance Company,*
(SDNY) No. 20-cv-03311 (Caproni J.) May 14, 2020............................................. 17

*Page*

## TABLE OF STATUES

Fed. R. Civ. P. 12(b)(6) ............................................................................. 1

Fed. R. Civ. P.  12(c)................................................................ 1, 6, 18, 19, 20

Fed. R. Civ. P. 12(d)................................................................................ 19

Fed. R. Civ. P. 56.................................................................................... 19

*iii*

The plaintiff hereby opposes the defendant's Fed. R. Civ. P. 12(b)(6) motion to dismiss the complaint and moves by cross motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

## Plaintiff's Statement of Claim

In this case, the parties agree the insured does not make claim for loss of business income caused by virus damage to real property.  The insured makes claim for coverage where *civil authority prohibiting access caused physical loss of use and suspension of operations resulting in loss of business income.*

A cause expressly insured against by plain language in the policy sold to plaintiff by the defendant insurance company, as detailed below.

The amendatory virus exclusion does not apply to the facts of this claim as also further detailed below.  Without the virus exclusion the cause of claim is covered.  The lead insurance policy provision paragraph A (3) states *all-risk* coverage except for designated limitations and exclusions none of which are claimed by the insurer aside from the virus exclusion.  *See* Complaint Paragraph 15.

This leaves the collateral theory of defense that the policy language direct physical loss of or damage means coverage for damage to real property only and does not encompass a physical loss of use claim.  Though defendant submits many cases for this proposition it does not stand up to a fair legal analysis applied to the facts and circumstances in this case as follows.

i.      Direct Physical Loss of or Damage

The words *direct physical loss of or damage* in English grammar is a disjunctive phrase with two separate objects.  The first is *physical loss of* and the second is *damage*.  It is disjunctive because the two objects are separated by *or* and not *and*.  *Physical loss of use* which is the claim of the plaintiff: if we are talking common sense terms, physical loss of use is a form of *physical loss of*.  If you need to juxtapose or contort the language to reach a contrary result it is no longer a common sense understanding but something else.

The insurance company proposition is simply that "*direct physical loss of or damage*" means coverage solely for physical damage to real property.  The insurer maintains the terms are not reasonably understood to include a claim for *physical*

*loss of use*.  Even if you assume the insurance company's position it raises the following issues and begs the following questions:

First, if the insurer intended to cover physical damage to real property only – why add *physical loss of?*  Second, having heedlessly added *physical loss of*, the direct result has been that insureds across the country relied on *physical loss* of reasonably believing *physical loss* of meant coverage for *physical loss of use*.  The scale or number of these cases speaks to this being a common understanding of the term as perceived by insureds nationwide.  This judging by the submissions of the insurance company on this motion.  Begging the ultimate question: Why is a coverage ambiguity of this magnitude created by the heedless hand of the insurer construed against the insured?  What otherwise is the meaning of the legions of case law which recite plain language for the reasonable insured – coverage ambiguity must be held against the insurance company.  The insurance company must bear the consequences of manifestly ambiguous, if not deceptive, coverage language needlessly added creating ambiguity.  *See infra*, Section C, *Relevant Case Law*.

Moreover, the one size fits all rule, physical damage to real property *sine qua non* condition for all business interruption insurance claims is inapposite.

*Roundabout Theatre Co. v. Continental Cas. Co.*, 302 A.D.2d 1 (1st Dept. 2002), the lead New York case cited by the insurance company for the *one size fits all* proposition is foremost materially and substantively distinguishable.  Most particularly, in the *Roundabout* case, there was a civil action policy exclusion.  The court emphasized the lack of extended coverage.  The court stated specifically that it read the policy provisions together in making the determination physical damage was a condition of coverage.  The other lead New York State case cited by defendant is *Howard Stores Corp. v. Foremost Ins. Co.*, 82 A.D.2d 398 (1st Dept 1981) substantively distinguishable – not on point.  *Howard Stores Corp.* was a case on appeal from a jury trial on the issue of damages not coverage liability.  In sum, the case at bar should not be determined on an ambivalent one size fits all rule.  This case should be determined on this particular insurance policy and on the facts applicable to this particular case.  *See infra* Section C, Relevant Case Law.

ii.     The Virus Exclusion

The other defense to plaintiff's claim is the amendatory virus exclusion provision.  This exclusion does not apply to deny coverage in this case.  As reasonably interpreted the amendatory exclusion applies to claims made for virus damage to real property not a physical loss of use claim caused by civil authority

Page 4 of 20

where no claim for virus damage or contamination is made.  Even were there more than one reasonable interpretation this exclusion would not apply to abridge coverage.  Under New York Law, exclusions are narrowly construed and applied. Where there is more than one reasonable interpretation it does not abridge otherwise promised coverage.  *See* Section B *Amendatory Exclusion Does Not Apply* below.

Finally, following is illustrative proof, matter of judicial notice, showing the bona fides of plaintiff's cause of claim: consider how plaintiff's restaurant in Howard Beach, Queens is prohibited by civil authority from indoor restaurant use – only outdoor service is permitted.  This per emergency order applicable to New York City.  Consider that about eight miles away in Nassau County restaurants are permitted partial indoor use as well as outdoor service.  This per emergency order applicable to Nassau County.  *I.e.* plaintiff insured under civil authority order applicable to New York City suffers complete suspension of operations and loss of use indoors while restaurants operating in Nassau County only suffer partial loss of indoor use and operation.  The cause of this comparative and actual loss/loss of business income is civil authority.  It is not virus infection or virus damage to real property.  *See also*, *Material Facts of the Claim*, complaint paragraph 13.

The defendant insurer's motion to dismiss the complaint should be denied.
Judgment on the pleadings on the issue of coverage liability should be granted to
the plaintiff insured pursuant to cross motion per Fed. R. Civ. P. 12(c).  *See*
Section D, below.


## The Argument

### A.  *The Policy Coverage Provisions*

There are two key policy coverage provisions relevant here aside from the
amendatory exclusion provision addressed in the separate section following.  These
two key provisions are the civil authority provision and the loss of business income
provision.  Reading both as reasonably written for the average insured sans the
esoteric and the hyper technical – coverage is provided where *civil authority
prohibiting access caused physical loss of use and suspension of operations
resulting in loss of business income.*


### 1.  The Civil Authority Provision

Section 5(j)(i) of the policy provides as follows:

j. **Civil Authority**

(1) We will pay for the actual loss of "business income"
you sustain and necessary "extra expense" caused by
action of civil authority that prohibits access to the
described premises due to direct physical loss of or
damage to property, other than at the described
premises, caused by or resulting from any Covered
Cause of Loss.

Note that the loss or damage must result from a "covered cause of loss".
Plaintiff's has a *covered cause of loss* manifest in the insurer arguing for
amendatory exclusion rather than prior existing policy exclusion. *I.e.* if the
amendatory exclusion does not apply this claim is covered under the policy. As
pled per complaint paragraph 15 the lead insurance policy provision paragraph A
(3) states *all-risk* coverage except for designated limitations and exclusions none of
which are claimed by the insurer. *I.e.* coverage exists where the amendatory
exclusion does not apply. *See* Complaint paragraph 15; further *see* Section B
below on the inapplicability of the Amendatory Exclusion.

2.     Loss of Business Income Provision

Section 5(g)(1)(a) of the policy covering loss of business income states:

(a) We will pay for the actual loss of "business income"
you sustain due to the necessary suspension of your
"operations" during the "period of restoration".  The
suspension must be caused by direct physical loss of
or damage to property at the described premises.  The
loss or damage must be caused by or result from a
Covered Cause of Loss.  With respect to loss of or
damage to personal property in the open or personal
property in a vehicle, the described premises include
the area within 1,000 feet of the site at which the
described premises are located.

Note that this provision on loss of business income covers actual loss arising
from *suspension of operations* caused by *direct physical loss or damage.*  The
period of restoration as referenced above in the case of physical loss of use would
be the period during which the necessary steps are taken leading up to restoration
of full use and operation.

Page 8 of 20

B.      *The Virus Exclusion Provision*

As abovementioned, there is no claim made by the insured that the covered premises or anyone on the premises was infected or contaminated by virus.  As quoted below the subject amendatory exclusion Section K item 8 as reasonably read applies to loss or damage to covered real property caused by virus infection.

Per the case law detailed in the section below, amendatory exclusions are narrowly applied in abridging coverage.  Where it can be shown there is more than one interpretation of cause or concerning the exclusion it is inapplicable to avoid coverage.

Amendatory exclusion Section K item or provision 8 quoted below is part of the *Section K Amendments to Property Coverage.*  There are 14 provisions in the Section K amendatory exclusion.  All these provisions address forms of claimed physical damage to covered real property.  *I.e.* damage by arson, damage caused by fungus, contamination, destruction by war, pollutants etc.  Section K as reasonably read excludes claims made for forms of physical damage to covered real property. The subject provision here Section K item 8 excludes claims for virus damage to covered real property.  Not the claim made for coverage here.

Page 9 of 20

The subject virus exclusion provision item 8 of Section K states:

8.  We will not pay for loss or damage caused by or resulting from

    any virus, bacterium or other microorganism that induces or is

    capable of inducing physical distress, illness or disease.

Preceding in the policy is item 7 addressing item 8:

7.  The exclusion set forth in paragraph 8. below applies

    to all coverage under the PROPERTY COVERAGE

    in all forms and endorsements that comprise this

    Businessowners Policy, except as provided in

    paragraph 9 below.  This includes but is not limited to

    forms or endorsements that cover property damage to

    buildings or personal property and forms or

    endorsements that cover business income, extra

    expense or action of civil authority.

Though above cited item 7 refers to the item 8 exclusion and mentions civil

authority and business income it does not change the substance of item 8.  *I.e.* item

7 extends item 8 to all property coverages.  Item 8 as with the rest of Section K

excludes claims for types of physical damage to covered property here excluding

virus damage to covered real property.  Reading item 7 consistent with item 8 the

reference to civil authority and business income applies in circumstances where

there is virus damage to covered real property having caused civil authority action

and consequent loss of business income.

The amendatory exclusion Section K item 8 does not apply to exclude

coverage in this case.

### C.     The Relevant Case Law

Whereas there are no federal or state statutes bearing here New York State

case law is of primary import in determining the issues.

### Law Relevant to the Virus Exclusion

The relevant New York State case which we believe goes to the heart of the

exclusion issue is *Insurance Co. of Greater N.Y. v. Clermont Armory, LLC*, 84

A.D.3d 1168 (2nd Dept 2011).  The *Clermont Armory* case was cited in the

plaintiff's pre-motion letter also referenced in the pre-motion conference.  A

relatively short decision concerning a property owner's insurance claim for

structural damage to real property.  The damage resulted from construction work

done by the adjoining property owner *Vanderbilt*.


Long and short of it is the insurance company denied coverage citing

exclusion in the policy for earth movement and *defective workmanship*.  Both of

which were clearly at play.  The insured however claimed the primary cause of loss

was *Vanderbilt*.  *I.e.* the work, the actions of Vanderbilt – not earth movement or

defective workmanship per se.  The Appellate Division, Second Department held

for the insured stating:

> Generally, where an insurer wishes to exclude certain
>
> coverage from its policy obligations, it must do so in
>
> clear and unmistakable language.  Any such exclusions
>
> or exceptions from policy coverage must be specific and
>
> clear in order to be enforced.  They are not to be
>
> extended by interpretation or implication rather accorded
>
> a strict and narrow construction.  Indeed, **before an**
>
> **insurance company is permitted to avoid policy**
>
> **coverage, it must satisfy the burden which it bears of**
>
> **establishing that the exclusions or exemptions apply in**

>    ***the particular case, and that they are subject to no other***
>
>    ***reasonable interpretation*** (*Seaboard Sur. Co. v Gillette*
>
>    *Co.*, 64 NY2d 304, 311 [1984] [internal quotation marks
>
>    and citations omitted]; *see Pioneer Tower Owners Assn.*
>
>    *v State Farm Fire & Cas. Co.*, 12 NY3d 302, 307
>
>    [2009]).  The insurer's burden is heavy, and doubtful or
>
>    uncertain language leading to ambiguity will be
>
>    interpreted against the insurer (*see Lee v State Farm Fire*
>
>    *& Cas. Co.*, 32 AD3d 902, 904 [2006]; *Pepsico, Inc. v*
>
>    *Winterthur Intl. Am. Ins. Co.*, 13 AD3d 599, 600 [2004]).

84 A.D.3d at 1170 (emphasis added).

Here, the insured makes claim for loss caused by civil authority not virus damage or contamination none of which is pled or shown.  The virus amendatory exclusion as reasonably read excludes claims for virus damage or contamination to covered real property.  At minimum this exclusion is subject to more than one reasonable interpretation therefore not a basis to deny coverage here.

Law Relevant to the Real Property Damage Issue

Regarding the disjunctive policy language *physical loss of or damage* reasonably encompassing coverage for *physical loss of use* separate from loss due to physical damage: The lead case relied upon by the insurance company for the one size fits all rule is *Roundabout Theatre Co. v. Continental Cas. Co.*, 302 A.D.2d 1 (1st Dept. 2002). This case is materially distinguishable in terms of the differing insurance policy provisions here and there.  In *Roundabout*, the insurance policy did not contain what is described in the decision as *extended coverage for civil authority*.  Just the opposite, in *Roundabout* the insurance policy had a governmental authority exclusion.  Apropos, the *Roundabout* court's discussion 302 A.D. 2d at 8:

> The cases relied upon by Roundabout are inapposite as
> they involved policies which offered more expansive
> coverage than the policy in this case.  For instance, in
> *Sloan v Phoenix of Hartford Ins. Co.* (46 Mich App 46,
> 207 NW2d 434 [1973]), the plaintiffs-insureds suffered
> business losses when the Governor of Michigan imposed
> a curfew during the 1967 riots.  None of the theatres
> suffered any property damage.  The business interruption

provision of the subject policy included a "civil

authorities extension" which stated "[t]his policy is

extended to include the actual loss ... not exceeding 2

consecutive weeks, when ... access to the premises

described is prohibited by order of civil authority." (46

Mich App at 49, 207 NW2d at 435-436.)  Since other

provisions of the policy required damage to or

destruction of real or personal property (*id.*), but the civil

authorities extension did not, the court ruled that the

business interruption losses were covered under the

policy.  Here, of course, the policy did not contain a civil

authorities extension--in fact it included a governmental

authority exclusion.


In the *Roundabout* case, the court moreover states its finding physical

damage as policy condition was based on reading all the provisions of the policy

together.  302 A.D.2d at 7.  In other words, not a pronouncement of a one size fits

all rule.


Page 15 of 20

The other lead New York case cited by the defendant insurer is *Howard Stores Corp. v. Foremost Ins. Co.*, 82 A.D.2d 398 (1st Dept 1981) also substantively distinguishable and not on point.  *Howard Stores* was a case on appeal from a jury trial on the issue of damages not coverage.  *I.e.* the appellate division found no evidence alleged losses were attributable to a water damage claim.  *See* 82 AD 2d at 401:

> Why the sales at Newman Bros. were lower than
> projected and why the sales at the other two stores were
> lower than projected is pure speculation.  Whatever the
> computations and projections made by plaintiff, there is
> simply no evidence that any failure to meet the projected
> increases was directly attributable to the water damage at
> Newman Bros. or the diversion of the suits.  Newman
> Bros. actually increased its sales.
>
> Plaintiff has failed to meet the burden of proving a
> business interruption loss.  The judgment, Supreme
> Court, New York County (Kirschenbaum, J.), entered
> April 10, 1980 upon a jury verdict in plaintiff's favor

Page 16 of 20

against defendant in the sum of $101,163.86, should be

reversed on the law and the facts and the complaint

should be dismissed with costs.

*Howard Stores Corp. v. Foremost Ins. Co.*, 82 A.D.2d 398 at 401-402.

Moreover, if *Howard Stores* went to trial on damages there had to be

coverage liability under the policy in the first place.

*Social Life Magazine v. Sentinel Insurance* Company (SDNY) Case No. 20-

cv-03311 (Caproni J.) May 14, 2020 submitted as transcript of the hearing on

plaintiff's order to show cause, Exhibit I to the moving affirmation of Steven P.

Nassi, Esq. This case is completely off point. The plaintiff in *Social Life* was

alleging virus damage to the premises. The attorney for plaintiff arguing his case

by exclaiming "the virus is everywhere" most particularly claiming it likely

"infected plaintiff's office equipment". In other words, virus damage to the

premises was the cause of claim. *E.g. see* transcript page 8. The case of the

insured here is exactly opposite – virus is not the cause of claim.

The case law cited by defendant does not support the motion to dismiss the complaint. Reading all the provisions of the insurance policy together along with the circumstances – coverage should be provided for loss of business income. The plaintiff's Fed. R. Civ. P. 12(c) cross motion for judgment on the pleadings on the issue of coverage liability should be granted.

### D.  Fed. R. Civ. P. 12(c) Cross Motion
### Judgment on the Pleadings

Pursuant to Federal Rule of Civil Procedure 12(c), the plaintiff may move for judgment on the pleadings. In this case, the Plaintiff moves for judgment on the issue of liability regarding coverage for loss of business income. The amount of loss or damages would necessarily remain to be proven.

Federal Rule of Civil Procedure Section 12(c) states:

> After the pleadings are closed—but early enough not to
> delay trial—a party may move for judgment on the
> pleadings.

By pleadings closed, it is meant that an answer has been served, which in this case it has.  A Rule 12(c) motion asks the court to render a judgement on the merits by looking at the substance of the pleadings and any judicially noted facts. *E.g. see*, *Murphy v. Dep't of Air Force*, 326 F.R.D. 47 (D.D.C. 2018).

Per Federal Rule of Civil Procedure 12(d), a 12(c) motion can trigger treatment as a motion for summary judgment per Fed. R. Civ. P. Rule 56 when matters outside the pleadings are presented.  However, transcripts of cases, matters of judicial notice such as submitted here are considered within the purview of a Rule 12(c) motion therefore not triggering Rule 56 treatment.  *See*, *Bartlett v. City of Chicago Sch. Dist. #299*, 40 F.Supp.3d 959 (N.D. Ill. 2014).  Also *see*, *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419 (2d Cir. 2011).

Plaintiff therefore can cross move as it does here pursuant to Fed. R. Civ. P. Section 12(c) for judgement on the pleadings on the issue of coverage liability.

## Conclusion

Objectively, reasonably, there is material ambiguity in the coverage provisions of the defendant's insurance policy directly and inexplicably caused by

defendant's heedless hand.  It cannot be said the policy coverage language is *clear and unmistakable* or that there is only *one reasonable interpretation* of the virus exclusion.  Material ambiguities concerning coverage, inapplicability or more than one interpretation of the virus exclusion: if the case law is applied the complaint should not be dismissed.

The plaintiff insured claims coverage under the insurance policy on basis *civil authority prohibited access causing physical loss of use and suspension of operations resulting in loss of business income.*  The foregoing loss is expressly covered by the policy and occurred here.

Plaintiff's Fed. R. Civ. P. 12(c) motion for judgment on the pleadings on the issue of coverage liability for actual loss of business income caused by civil authority suspension of operations should be granted.

Dated:  New York, New York
            August 27, 2020

COLE HANSEN CHESTER LLP
Attorneys for Plaintiff
By:  Michael S. Cole, Esq. (MSC 0636)
767 Third Avenue – 24th Floor
New York, New York  10017
Tel:  (212) 599-1535
Email:  mscole@chcllp.com