21-2100-cv
BR Rest. Corp. v. Nationwide Mut. Ins. Co.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of April, two thousand twenty-two.

PRESENT: GUIDO CALABRESI,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

------------------------------------------------------------------

BR RESTAURANT CORP., DBA BRUNO'S
RESTAURANTE ITALIANO,

*Plaintiff-Appellant*,

v.                                                         No. 21-2100-cv

NATIONWIDE MUTUAL INSURANCE
COMPANY,

*Defendant-Appellee.*

------------------------------------------------------------------

| | | |
|---|---|---|
| FOR PLAINTIFF-APPELLANT: | | MICHAEL S. COLE, Cole Hansen Chester LLP, New York, NY |
| FOR DEFENDANT-APPELLEE: | | MARCI GOLDSTEIN KOKALAS, Goldberg Segalla LLP, Newark, NJ |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gary R. Brown, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

BR Restaurant Corp. ("BR") appeals from the August 26, 2021 judgment of the United States District Court for the Eastern District of New York (Brown, *J.*) dismissing its case against Nationwide Mutual Insurance Company ("Nationwide") for breach of contract. BR claims that Nationwide improperly denied insurance coverage for the business losses it suffered after New York State imposed restrictions on on-premises dining in its efforts to curb the COVID-19 pandemic. The District Court dismissed BR's amended complaint under Federal Rule of Civil Procedure 12(b)(6) after concluding that BR was not entitled to coverage under its insurance policy with Nationwide for any business

losses that resulted from restrictions on how the premises are used, where there was no direct physical loss or damage to property, whether the business's premises or other neighboring property. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review de novo the District Court's dismissal under Rule 12(b)(6). See Biro v. Condé Nast, 807 F.3d 541, 544 (2d Cir. 2015). "Under New York law, an insurance contract is interpreted to give effect to the intent of the parties as expressed in the clear language of the contract." 10012 Holdings, Inc. v. Sentinel Ins. Co., Ltd., 21 F.4th 216, 220 (2d Cir. 2021) (quotation marks omitted). Ambiguities in the contract are resolved "in the insured's favor and against the insurer." U.S. Fid. & Guar. Co. v. Annunziata, 67 N.Y.2d 229, 232 (1986). But "[w]here the provisions of [a] policy are clear and unambiguous, they must be given their plain and ordinary meaning, and courts should refrain from rewriting the agreement." Id. (quotation marks omitted).

BR relies on two of the policy's provisions. First is the policy's "Civil Authority" provision, which covers losses of business income that stem from

civil authority action that "prohibits access to the [insured] premises due to direct physical loss of or damage to property, other than at the [insured] premises, caused by or resulting from any Covered Cause of Loss."  App'x 29. Second is the "Business Income" provision, which covers actual loss of business income caused by "the necessary suspension of [the business's] operations during the period of restoration," where the suspension "must be caused by direct physical loss of or damage to property at the described premises."  App'x 27 (quotation marks omitted).  We conclude that the plain text of these provisions makes clear that either direct physical loss or property damage is a necessary predicate to coverage.

Urging otherwise, BR contends that these provisions also cover the loss of business income sustained because of New York's restrictions on on-premises dining.  We disagree.  "[U]nder New York law the terms 'direct physical loss' and 'physical damage' . . . do not extend to mere loss of use of a premises, where there has been no physical damage to such premises."  10012 Holdings, 21 F.4th

4

at 222.[1]  Coverage under these provisions therefore requires "actual physical loss of or damage to the insured's property."  Id.; see also Roundabout Theatre Co. v. Cont'l Cas. Co., 751 N.Y.S.2d 4, 8 (1st Dep't 2002) (describing the term "direct physical loss" in an insurance policy as "clearly and unambiguously provid[ing] coverage only where the insured's property suffers direct physical damage").

In a letter filed pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure, BR concedes that 10012 Holdings is factually on point.  It contends, however, that we misapplied New York law in that decision.  We disagree, and we note that no subsequent developments in the New York courts have called that decision into question.  We are therefore bound by our prior decision in 10012 Holdings.  See Glob. Reinsurance Corp. of Am. v. Century Indem. Co., 22 F.4th 83, 100–01 (2d Cir. 2021) (recognizing our general rule that precedential panel decisions are binding unless and until they are overruled by the Court in

---

[1] BR argues that the District Court improperly relied on federal decisions in issuing its own decision in this case and therefore somehow contravened Erie R. Co. v. Tompkins, 304 U.S. 64 (1938).  But the District Court in fact properly applied New York law to resolve this case.

5

banc or by the Supreme Court). Because BR alleges nothing more than the losses it suffered as a result of restrictions on its use of the premises, the District Court properly dismissed the Amended Complaint.[2]

We have considered BR's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

                                                      FOR THE COURT:
                                                      Catherine O'Hagan Wolfe, Clerk of Court

*[signature]*

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

*[signature]*

---

[2] The district court also briefly analyzed the virus exclusion and determined in a footnote that the exclusion also barred BR's claims. BR Restaurant Corp. v. Nationwide Mut. Ins. Co., 2021 WL 3878991, at *2 & n.1. While BR takes issue with that determination on appeal, we need not address any such potential alternative ground for dismissal because we conclude that 10012 Holdings forecloses BR's claim.